# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-089 |
| | ) | |
| MICHAEL LEVANT WILLIAMS, | ) | |
| Defendant. | ) | |

# **ORDER**

Defendant has filed several motions in this case which have been referred to the undersigned. Docs. 38, 40, and 41. Because the Government's responses to these motions are currently due after this case is set to begin jury selection and trial, the Court will set an expedited briefing schedule. *See* S.D. Ga. L. Cr. R. 12.1. Any responses the Government wishes to submit in response to the motion must be filed no later than midnight on Tuesday, January 7, 2020.[1]

---

[1] If defendant seeks to amend any of his belatedly filed motions, he is advised to follow the same deadline as the Government. The Court notes that one of defendant's motions—the Motion to Appoint Expert—is extraordinarily bare-boned. Doc. 38. As an initial matter, requests for experts may be made in a *ex parte* application. 18 U.S.C. § 3006A(e). Moreover, the appointment of experts requires a finding by the court that the services to be rendered are "necessary." 18 U.S.C. § 3006A(e)(1). However, defendant has merely indicated that the Government intends to call certain witnesses on two broadly listed topics, but has not provided any proposed names for experts, identified the type of experts he seeks to employ, or provided the Court with

**SO ORDERED,** this 3rd day of January, 2020.

---

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

any information which would allow it to assess the cost of appointing these experts. *See also United States v. Rinchack*, 820 F.2d 1557, 1564 (11th Cir. 1987) ("A trial court is not required to grant an eleventh hour request for [expert services under 18 U.S.C. §] 3006A(3) . . . particularly where the delay in making the request is unjustified and would require a continuance of the hearing and/or trial."). Finally, defendant references both 18 U.S.C. § 3006A and Fed. R. Evid. 706. These represent fundamentally different types of experts. Those retained by defense counsel under § 3006A are witnesses for the defendant while experts appointed under Fed. R. Evid. 706 "(1) must advise the parties of any findings the expert makes; (2) may be deposed by any party; (3) may be called to testify by the court or any party; and (4) may be cross-examined by any party, including the party that called the expert." Moreover, under Rule 706, the Court may only appoint an expert "who consents to act." They are generally considered independent. *See e.g. Leichner v. United States,* 2017 WL 10562761, at *2 n. 3 (C.D. Cal. March 9, 2017) ("Federal Rule of Evidence 706(a) authorizes a court to appoint a <u>neutral</u> expert to be paid jointly by the parties . . . ") (emphasis in original); *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1348-49 (11th Cir. 2003) (noting the appointment of an independent expert). Regardless, the appointment of an expert under Rule 706 is discretionary. *Quiet Tech.*, 326 F.3d at 1348-49 ("However, we are unfamiliar with any set of circumstances under which a district court bears an affirmative obligation to appoint an independent expert. Quite the contrary, as long as the district court thoroughly considers a request for the appointment of such an expert and reasonably explains its ultimate decision thereon, that decision is vested in the sound discretion of the trial court."). Regardless, there is hardly any information in defendant's motion which would allow the Court to make the required findings at this point.