# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-089 |
| | ) | |
| MICHAEL WILLIAMS, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Appoint Expert, doc. 38, Motion to Produce, doc. 40, and Motion to Dismiss, doc. 41. Defendant has requested the withdrawal of the Motion to Appoint Expert, doc. 43 and his Motion to Dismiss, doc. 44.[1] Accordingly, those motions are **DISMISSED** as **WITHDRAWN**. Defendant's Motion for Production, doc. 40, is **DISMISSED AS MOOT**.

## I.   MOTION TO PRODUCE

Defendant has requested that the Court require the production of certain records in the possession of the Superior Court or the Chatham County District Attorney's Office.  Doc. 40.  The Government has

---

[1] The withdrawals were incorrectly docketed as an "Affidavit," and an "Address Affidavit."  The Clerk of Court is **DIRECTED** to amend the title of these filings to reflect the documents' correct title as defendant's Requests to Withdraw.

indicated to the Court that defendant's counsel is satisfied with the information he received after a conference call which occurred on January 6, 2020. Doc. 51 at 3. Accordingly, the motion is **DISMISSED AS MOOT**.

To the extent defendant seeks to procure additional information not within the possession or control of the Government, the request is not properly filed. The Sixth Amendment guarantees a criminal defendant access to "compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. Fed. R. Crim. P. 17 is one of the implementations of that guarantee. *See, e.g., United States v. Beckford*, 964 F. Supp. 1010, 1019 (E.D. Va. 1997) (cites omitted). The Rule provides criminal defendants a means to secure subpoenas for testimony (*i.e.*, subpoenas *ad testificandum*), and subpoenas for the production of documents or other objects (*i.e.,* subpoenas *duces tecum*). *See* Fed. R. Crim. P. 17(a) (subpoenas for testimony), (c) (subpoenas for "books, papers, documents or objects"). It also implements Supreme Court jurisprudence, rooted in the Fifth Amendment, providing a means for indigent defendants to avail themselves of Rule 17's subpoena power. *See Beckford*, 964 F. Supp. at 1019-20.

"Unlike a trial subpoena ad testificandum issued under Rule 17(a) or (b), a subpoena duces tecum may . . . be made returnable *before trial*." *Beckford*, 964 F. Supp. at 1020. Despite the superficial breadth of the Rule, it "clearly was not intended to displace the role of Rule 16 in circumscribing discovery to be allowed in criminal cases." *Id*. at 1022. Courts, therefore, have discretion to require pretrial production. *See id*. (citing *United States v. Nixon*, 418 U.S. 683 (1974)). It is appropriate if the requesting party shows "that the requested information is relevant, admissible and specific." *Id*. at 1016 (citing *Nixon*, 418 U.S. at 699-700; *see also United States v. Winner*, 2018 WL 1998311 at * 1-2 (S.D. Ga. April 27, 2018).

The first requirement for issuance of a Rule 17 subpoena is relevance. Defendant's motion asserts relevance in the most cursory and conclusory fashion. He says only that "whatever is in the record would be material, and at least helpful to defendant in his preparations here, because his arrest there arises out of the same conduct bringing him to this Court." Doc. 40 at 1. As the Tenth Circuit has explained, "[c]onclusory statements do not establish relevance," for purposes of Rule 17(c). *United States v. Abdush-Shakur*, 465 F.3d 458, 468 (10th Cir.

2006). The allegations in this case relate to a single charge for possession of a firearm by a prohibited person. *See* doc. 1 (Indictment). It is not at all clear how the identified information is relevant. While the Court can *imagine* several potential scenarios for how that information may be useful at trial, Rule 17 requires more.

As a final note, among the requirements necessary to ensure that Rule 17's tools do not supplant the Rule 16 discovery procedures is that the subpoena direct return of any responsive documents to the Court, not to the requesting party. *See United States v. Santiago-Lugo*, 904 F. Supp. 43, 46 (D.P.R. 1995) ("Only with court intervention can the subpoena be utilized for production before the court at any time prior to the trial or prior to the time when the documents are to be offered in evidence. Only the court may, upon the production of the documents, permit the documents or objects to be inspected by the parties or their attorneys. Nowhere in Fed. R. Crim. P. 17 do we find language allowing the utilization of the court's subpoena power privately, with a secret return directly to an attorney."); *United States v. Al-Amin*, 2013 WL 3865079 at * 4 (E.D. Tenn. July 25, 2013) ("[T]he records must be returned to the Court, not the parties. Since the documents, records,

and other objects are not discovery, but rather are intended to be admitted into evidence, it is the Court to which the document[s], records, and other objects must be returned."). Any future requests for such information should proceed via a Rule 17 request for a subpoena.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Appoint Expert, doc. 38, and Motion to Dismiss, doc. 41, are **DISMISSED** as **WITHDRAWN**. Defendant's Motion for Production, doc. 40, is **DISMISSED AS MOOT**.

**SO ORDERED,** this 7th day of January, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA