# UNITED  STATES  DISTRICT  COURT

## SOUTHERN  DISTRICT  OF  GEORGIA

## SAVANNAH  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR419-089 |
| | ) | |
| MICHAEL WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Before the Court is defendant's Motion to Suppress, doc. 58, and Motion to Dismiss, doc. 59.  For the following reasons, the motions should be **DENIED**.

## BACKGROUND

Defendant was indicted with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) on May 8, 2019. Doc. 1.  Stephen Harris was appointed to represent him on May 13, 2019. Doc. 6.  At the May 30, 2019 arraignment, defendant refused to plead and the undersigned entered a not-guilty plea pursuant to Fed. R. Crim P. 11(a)(4).  Doc. 10.  The Court granted defendant thirty days to file pretrial motions.  Doc. 14.  At that hearing defendant also indicated a desire to proceed *pro se* and a hearing was scheduled for June 6, 2019.  Doc. 13.

However, before that hearing could occur, on June 2, 2019, defendant's counsel filed a motion requesting a psychiatric examination.   Doc. 16. That motion was granted on June 4, 2019, and defendant was ordered examined and observed pending a report on his competency.  Doc. 19.  As a result, any inquiry into his desire to proceed *pro se* was deferred.

The Court received the psychiatric report on August 8, 2019, doc. 21, and held a hearing on September 11, 2019, doc. 23.  At that hearing the Court inquired of defendant whether he wanted to proceed without counsel, and defendant declined to invoke that right.  On October 7, 2019, the undersigned entered a Report and Recommendation finding defendant competent to stand trial.  Doc. 27.  After no objections were filed, that Report and Recommendation was adopted by the assigned district judge on December 5, 2019.

The case was set for jury selection and trial on January 14, 2020. Doc. 31.  On January 3, 2020, defendant's counsel filed a series of motions, docs. 38, 39, 40, 41, which were ultimately withdrawn or otherwise disposed of on January 7, 2020.  After a Motion to Continue, doc. 55, was filed on January 10, 2020, the Court continued the trial to February 18, 2020.  On January 15, 2020, the defendant filed the two motions at issue,

as well as a motion for bond.  The Court set a hearing on those motions for   January 30, 2020.   Doc. 60. On the morning of the hearing, the undersigned became aware of a handwritten letter which the defendant had personally submitted to the court, doc. 66, in which the defendant appeared to suggest that he might wish to defend himself *pro se* in this matter.    At the hearing—after exhaustive questioning—defendant declined to unambiguously invoke his right to proceed without counsel and the Court proceeded to hear argument from defendant's appointed counsel as to the three outstanding motions.  Doc. 67.[1]  The Court determined that

---

[1] Even if defendant had been more definitive in his desire to proceed *pro se*, it is not clear that permission would have been forthcoming.   One of the reasons defendant initially expressed interest in proceeding *pro se* was because he wanted an attorney who would simply file the motions he requested.   Defendant, and his counsel, are reminded that an attorney

> does not serve as a mere mouthpiece or alter ego for his client, obligated to urge any motion or argument that his client wishes him to file. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1337 (11th Cir. 2002) ("An attorney should not be an unreflecting conduit through which the opinions and desires of a client or witness are permitted to flow unchecked."). Rather, an attorney has a duty to exercise his independent professional judgment and to file only those motions or raise only those claims that have potential merit. *Id.*; *Welch v. Artus*, 2007 WL 949652, at * 17 (W.D.N.Y. March 29, 2007).  Further, an attorney must adhere to the ethical standards of the profession, which preclude an attorney from making "a false statement of material fact or law" to a Court or other tribunal, Rule 3.3, Georgia Rules of Professional Conduct, or from advancing an unwarranted claim or defense. Georgia Rule 3.1.  Thus, if a client insists that an attorney file a motion or take a position that the attorney does not personally believe to have any factual or legal merit, "the attorney must stand his . . . ground and refuse to act in a manner

defendant was not eligible for bond and entered a separate order disposing of that motion.  Doc. 69.

## ANALYSIS

### I.    Motion to Suppress

Defendant alleges that a search warrant issued for his DNA, among other items, is deficient because it does not contain the seal of the court, was not signed by a magistrate but was otherwise signed by a rubber stamp or electronic device, and that the offenses referenced from 2005 and 2007 are too old to support it.  Finally, he argues that the results of the

---

that flies in the face of the relevant ethical rules." *Thomas*, 293 F.3d at 1327-28.  "Given this duty, it follows that an attorney cannot 'file first and think later,' . . . thereby neglecting to employ his or her independent professional judgment to consider the plausibility and the appropriateness of what is asserted in the filed document." *Thomas*, 293 F.3d 1327 (citation omitted).

*United States v. Scott*, 2007 WL 1101241 at * 1 (S.D. Ga. April 11, 2007).

Considering the tenor of the motions and some stray statements during the hearing on January 30, 2020, it is possible—although the Court will not at this point make that allegation directly—that some of the instant motions were filed by defense counsel simply to placate defendant, despite their frivolity.  While the Court recognizes the difficult situation defense counsel found himself in considering defendant's suggested desire to proceed *pro se*—to the extent that defense counsel may have sought to file these motions to protect his client in the event he did proceed on his own behalf—the Court expects counsel to exercise the judgment his position demands going forward. For so long as he remains counsel in this case, counsel is bound by his ethical obligations and should consider those obligations when submitting motions to this Court.

4

DNA analysis are irrelevant and that to introduce them would prejudice defendant and be void of probative value.

As an initial matter, any challenge to the probative nature of the evidence received as a result of the DNA analysis is best characterized as a motion *in limine* rather than a motion to suppress.  At the hearing, rather than proffering evidence or agreement regarding the probative value or prejudicial nature of the DNA evidence, defendant's counsel argued merely that as the product of an illegal search, the evidence should be suppressed.  Therefore, to the extent defendant sought to challenge the DNA testing's evidentiary value, that motion is **DENIED** with leave to refile during trial.

Regarding the search warrant itself, the Government filed a copy of the affidavit in support of the search warrant and the search warrant which was ultimately issued.  Doc. 65-1.  The Government also asserted— and defendant's counsel did not contest—that the Government had provided to defendant a copy of the warrant with a raised seal and that the warrant was approved by a neutral or detached magistrate.  Doc. 65 at 4. Regardless of whether a copy of the warrant was provided to defendant with a raised seal, neither the Government or defendant was able to point

to a requirement that a search warrant issued by a Georgia magistrate bear such a seal or contain a wet signature.[2]

Likewise, defendant alleges that the use of two prior crimes from 2005 and 2007 were stale and cannot provide the necessary nexus between his criminal history and the subsequent DNA search. The affidavit in support of the search warrant reads in pertinent part

> Your Affiant has reviewed Mr. Williams' Chatham County Court Records and found him to be a convicted felon for Possession of Marijuana with Intent CR051696 (2005) and Possession of Controlled Substance with Intent CR070049 (2007).
>
> In light of the above facts Your Affiant believes probable cause exists for the court authorize the seizure of DNA from Mr. Williams for the purposes of further DNA testing and comparison to the SCCY CPX-2 9mm pistol SN: 437091 and accompanying magazine logged into the SPD property room as evidence under CRN 181122008. As mentioned previously, the recovered firearm and accompanying magazine has been swabbed for further DNA testing purposes. DNA comparison would seek to confirm whether or not Mr. Williams possessed the recovered firearm while being a convicted felon in violation of Georgia law. DNA comparison would seek to confirm whether or not Mr. Williams possessed the firearm located inside the vehicle

Doc. 65-1 at 4.

---

[2] In fact, O.C.G.A. § 17-5-22 specifically states that while search warrants must state the time and date of issuance, that they need *not* bear the seal of the court or clerk thereof.

As the Eleventh Circuit has acknowledged:

> To show probable cause, the government's application for a search warrant must be timely, that is it "must reveal facts that make it likely that the items being sought are in that place when the warrant issues." *United States v. Harris,* 20 F.3d 445, 450 (11th Cir.1994) (quotation marks omitted). "Warrant applications based upon stale information fail to create a probable cause that similar or other improper conduct is continuing." *Id.* To evaluate staleness claims, we look at the unique facts of each case and may consider "the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched." *Id.* There is no particular rule or time limit for when information becomes stale." *United States v. Bervaldi,* 226 F.3d 1256, 1265 (11th Cir.2000).

*United States v. Deering*, 296 F. App'x 894, 897–98 (11th Cir. 2008).

There is, thus, no *per se* staleness, regardless of the age of the information at issue.

Read in context, it is obvious that the challenged information is not stale. Defendant's counsel never argued that defendant's felon status was somehow abrogated by the passage of time between the conviction and the issuance of an arrest warrant. Defendant's counsel also never argued that defendant's rights to possess a firearm had been restored in any capacity. The affidavit in support of the search warrant makes clear that the purpose of reciting defendant's criminal history was to establish

that—at the time the warrant sought—he was an individual otherwise prohibited from possessing a firearm.   Doc. 65-1 at 4.   Regardless of whether the *convictions* resulting in that status were aged, the status itself was a present and ongoing concern at the time the warrant was issued.

Defendant has failed to carry his limited burden at this stage to proceed with his suppression motion.   "[A] trial court may refuse a defendant's request for a suppression hearing and motion to suppress if the defendant fails to allege facts that, if proved, would require the grant of relief." *United States v. Richardson*, 764 F.2d 1514, 1526-27 (11th Cir. 1985).   Defendant neither identified any technical defects in the warrant and application nor did he support his argument that the convictions which were recited were sufficiently stale.   Accordingly, the Motion to Suppress should be **DENIED**.

## II.   Motion to Dismiss for Violation of the Speedy Trial Act.

Defendant alleges that the speedy trial clock in this case has run in violation of 18 U.S.C. § 3161.   "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days

from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "The following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence: Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion [.]" 18 U.S.C. § 3161(h)(1)(D). Also excludable is a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H).  Moreover, a "delay resulting from any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant," is also excluded.   18 U.S.C. § 3161(h)(1)(A).  Finally,

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the

defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. §3161(h)(7)(A).

At the hearing, counsel for all parties agreed that there was no violation of the Speedy Trial Act, 18 U.S.C. § 3161.  The Court agrees, although defendant has been incarcerated since his arrest under the charge in this Court on May 8, 2019, a series of motions, hearings, competency examinations, and ends of justice extensions have acted to toll the clock.  Accordingly, and in light of the agreement of the parties that there was no violation, the motion should be **DENIED**.

## CONCLUSION

For the foregoing reasons, defendant's motions, docs. 58 and 59, should be **DENIED**.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned

"Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED,** this <u>31st</u> day of January, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

11