# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-089 |
| | ) | |
| MICHAEL WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court is defendant's Motion for Discovery, doc. 82, Defendant's Motion to Dismiss Indictment, doc. 83, Defendant's Motion in Limine, doc. 84, and defendant's Notice of Order to Rescind 8th Amendment Violations, doc. 85. For the following reasons defendant's Motion for Discovery is **DISMISSED AS MOOT**, doc. 82, Defendant's Motion in Limine and Order to Rescind 8th Amendment Violations, docs. 84 & 85, are **DENIED AS FRIVOLOUS**. For the same reasons the Court denies defendant's above listed motions, defendant's Motion to Dismiss Indictment, doc. 83, should be **DENIED**.

## BACKGROUND

Defendant was indicted with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) on May 8, 2019.

Doc. 1. Stephen Harris was appointed to represent him on May 13, 2019. Doc. 6. At the May 30, 2019 arraignment, defendant refused to plead and the undersigned entered a not-guilty plea pursuant to Fed. R. Crim P. 11(a)(4). Doc. 10. During that arraignment, defendant began to espouse some of the misapprehensions which are the hallmarks of a "sovereign citizen." For example, he challenged the jurisdiction of the Court and made references to both civil common law and admiralty law. Despite defendant's recalcitrance to plead or to acknowledge the jurisdiction of the Court over his person, the Court granted defendant thirty days to file pretrial motions. Doc. 14.

Also at that hearing, defendant indicated a desire to proceed *pro se* and a hearing was scheduled for June 6, 2019. Doc. 13. However, before that hearing could occur, on June 2, 2019, defendant's counsel filed a motion requesting a psychiatric examination. Doc. 16. That motion was granted on June 4, 2019, and defendant was ordered examined and observed pending a report on his competency. Doc. 19. As a result, any inquiry into his desire to proceed *pro se* was deferred.

The Court received the psychiatric report on August 8, 2019, doc. 21, and held a hearing on September 11, 2019, doc. 23. At that hearing the

Court inquired of defendant whether he wanted to proceed without counsel, and defendant declined to invoke that right. On October 7, 2019, the undersigned entered a Report and Recommendation finding defendant competent to stand trial. Doc. 27. After no objections were filed, that Report and Recommendation was adopted by the assigned district judge on December 5, 2019.

The case was set for jury selection and trial on January 14, 2020. Doc. 31. On January 3, 2020, defendant's counsel filed a series of motions, docs. 38, 39, 40, 41, which were ultimately withdrawn or otherwise disposed of on January 7, 2020. After a Motion to Continue, doc. 55, was filed on January 10, 2020, the Court continued the trial to February 18, 2020. On January 15, 2020, the defendant filed the two motions at issue, as well as a motion for bond. The Court set a hearing on those motions for January 30, 2020. Doc. 60. On the morning of the hearing, the undersigned became aware of a handwritten letter which the defendant had submitted to the court, doc. 66, in which the he suggested that he might wish to proceed *pro se* in this matter. At the hearing—after exhaustive questioning—defendant refused to unambiguously invoke his right to proceed without counsel and the Court proceeded to hear

argument from his appointed counsel as to the three outstanding motions. Doc. 67.[1] The Court determined that defendant was not eligible for bond and entered a separate order disposing of that motion. Doc. 69.

Despite the exhaustive nature of this rigamarole, defendant again filed a letter requesting to move without assigned counsel. Doc. 71. The

---

[1] As the Court has expressed before, even if defendant had been more definitive in his desire to proceed *pro se*, it is not clear that permission would have been forthcoming. One of the reasons defendant initially expressed interest in proceeding *pro se* was because he wanted an attorney who would simply file the motions he requested. Defendant is reminded (again) that an attorney

> does not [and did not in this case] serve as a mere mouthpiece or alter ego for his client, obligated to urge any motion or argument that his client wishes him to file. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1337 (11th Cir. 2002) ("An attorney should not be an unreflecting conduit through which the opinions and desires of a client or witness are permitted to flow unchecked."). Rather, an attorney has a duty to exercise his independent professional judgment and to file only those motions or raise only those claims that have potential merit. *Id.*; *Welch v. Artus*, 2007 WL 949652, at * 17 (W.D.N.Y. March 29, 2007). Further, an attorney must adhere to the ethical standards of the profession, which preclude an attorney from making "a false statement of material fact or law" to a Court or other tribunal, Rule 3.3, Georgia Rules of Professional Conduct, or from advancing an unwarranted claim or defense. Georgia Rule 3.1. Thus, if a client insists that an attorney file a motion or take a position that the attorney does not personally believe to have any factual or legal merit, "the attorney must stand his . . . ground and refuse to act in a manner that flies in the face of the relevant ethical rules." *Thomas*, 293 F.3d at 1327-28. "Given this duty, it follows that an attorney cannot 'file first and think later,' . . . thereby neglecting to employ his or her independent professional judgment to consider the plausibility and the appropriateness of what is asserted in the filed document." *Thomas*, 293 F.3d 1327 (citation omitted).

*United States v. Scott*, 2007 WL 1101241 at * 1 (S.D. Ga. April 11, 2007).

Court scheduled a hearing on that request. Doc. 72.[2] Before that hearing could occur, a superseding indictment was returned against defendant. Doc. 74. The arraignment was scheduled for the same date as the previously arranged hearing to discuss defendant's renewed desire to proceed *pro se*.

At this second hearing in as many weeks, the Court again inquired as to defendant's desire to proceed *pro se*. Finally, after exhaustive questioning—made no easier by defendant's desire to talk over the Court and complain repeatedly about all aspects of the prosecution—the Court determined that defendant had made the requisite unambiguous request and had made the required showing under *Faretta v. California*, 422 U.S. 806 (1975) to proceed *pro se*. Thus, the Court relieved defendant's assigned counsel, appointed said counsel as stand-by counsel, and allowed defendant to proceed on his own behalf. Doc. 80. At a pretrial conference scheduled for February 14, 2020, the Court granted defendant a brief continuance to allow defendant to prepare in light of his *pro se* status.

---

[2] Defendant filed a letter containing similar complaints and demands the day before his hearing. Doc. 78.

Defendant has filed a series of motions, for the reasons discussed below, they are either **DISMISSED** or should be **DENIED**.

## ANALYSIS

> I, the Above Herein mentioned; and hereinafter mentioned FLESH and BLOODMAN Michael lavant Williams, Michael Williams, know Also in the commercial Registry As Michael lavant Williams,, Michael Williams #6780469, A.E.O: Ancient Egyptian Order Lodge #9 ENS legis of the United Nations of the Yamassee, Washitaw, CREEK, Seminole, MuscogHEE Indigenous Aborigine Natives, A Government of Retained Sovereigns; United Nations Number #0208-1992/215-199, Bureau of Indian affairs # 0208-1993/215-199 D/B/A Doing business as the mis-nomer 201908621(55022174). MICHAEL LAVANT WILLIAMS, MICAHEL WILLIAMS D.O.B [*REDACTED*]³ Social Security Account#: [*REDACTED*] "Ens Legis" of the United Nuwtupian Nation "Attest as Sui Juris Under penalty of Perjury, that the Following is True.

Doc. 85 at 1. So begins at least one of defendant's motions with the Court. Unfortunately, defendant doesn't stop there. Almost every motion he filed with the Court since being granted leave to proceed *pro se* is peppered with references indicating that he is a "sovereign citizen." *See e.g.*, doc. 82 at 1 ("Any evidence (facts, not allegations/opinions) alleged defendant is subject to the Constitutions and laws of the plaintiff State of Georgia Just because alleged defendant is physically in Georgia.); doc. 83 at 5-6 ("Not

---

³ To the extent possible to discern, the Court has removed personally identifying information from its recitation. To the extent possible, the Court has retained all other grammatical and typographical vagaries of defendant's filing.

in any real sense adversary, if there were a true adversary against alleged defendant, it would be laugable [sic] to even try to discuss causation because defendant is not accused of causing anything real or imagined. There is no adversary, alleged Plaintiff, a fiction at best, ostensibly acting through Brenden Sheahan badge # 63325 and Joshua S Bearden U.S. Attorney for the government, who has not alleged the violation of a legal right.  The Complaint is "unfit for adjudication"); Doc. 84 at 1 ("NOW COMES Michael Williams, alleged defendant, by Special appearance and only Participating under threat duress and coercion, not Submitting to the asserted Jurisdiction over me, who Submits this motion in limine to prevent the prosecution from making arguments outside the Facts.").

Judge Carnes, while she was a Judge in the Northern District of Georgia, summed up the problem with sovereign citizen mumbo-jumbo in 2013.

> This strategy, based on the defendant's claim to be a "sovereign citizen," serves to delay the proceedings, create unnecessary work for the Court and counsel, and distract the Court from adjudication of the case on its merits.  At bottom, a defendant pursuing a sovereign-citizen strategy claims that a federal court has no jurisdiction to try him for the federal crimes with which he is charged.  The defendant purports to rely heavily on the Uniform Commercial Code ("UCC"), admiralty laws, and other commercial statutes to argue that, because he has made no contract with the Court or the

> prosecutor, neither entity can foist any agreement upon him. The criminal code is apparently not one of the groups of statutes whose validity the defendant will acknowledge. Accordingly, the defendant contends that he cannot be found guilty of any violation of federal criminal laws.
>
> The sovereign-citizen defendant typically files lots of rambling, verbose motions and, in court proceedings, will often refuse to respond coherently to even the simplest question posed by the Court. Each question by the judge is volleyed back with a question as to what is the judge's claim and by what authority is the judge even asking a question. When referred to as the defendant or by his name, the defendant will frequently indicate that there is no proof that he is the defendant, but that instead he is a third-party intervenor.
>
> In proceedings, the observant sovereign-citizen defendant clings doggedly to the sovereign-citizen script, which the record in this case reveals to be tedious and mind-numbingly repetitious. Any colloquy with the court is usually characterized by frequent interruptions by the defendant, who attempts to talk over the judge. For the most part, the defendant's statements to the Court are gibberish. On the matter of legal representation, the defendant will often refuse to cooperate with, or even speak to, his appointed counsel and will sometimes protest that he never authorized appointment of counsel. Yet, when the Court attempts to engage the defendant to determine whether the latter wants new counsel or wants to represent himself, the non-responsive dialogue begins, with the defendant refusing to affirmatively indicate his waiver of counsel or to answer in any coherent way as to how he wishes to proceed.

*United States v. Perkins*, 2013 WL 3820716, *1-*2 (N.D. Ga. July 23, 2013).

Defendant's filings, to the extent they are comprehensible, bear all of the hallmarks of the "sovereign citizen" theory that has been consistently

rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented") ); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (rejecting such theories as "wholly unsubstantial and frivolous"); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of ... the court's time, which is being paid for by hard-earned tax dollars") (citation omitted); *United States v. Alexio*, 2015 WL 4069160 at *3 (D. Hawaii 2015).

To that end, defendant's "Letter of Credit" is patently frivolous mumbo jumbo. Defendant's Motion in Limine, likewise, argues that the Court lacks jurisdiction over him because the Constitution and laws of the plaintiff "United States" are not applicable to him. To the extent these

9

motions are even "comprehensible," they bear all of the hallmarks of the "sovereign citizen" theory and are **DISMISSED as frivolous.** *Roach*, 2016 WL 8943290 at *2 (noting that sovereign citizen theories have not only be consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars").

Defendant has also filed a Request for Discovery and a Motion to Dismiss the Complaint. These motions—while still containing the mistaken "disclaimers" of jurisdiction—do at least tangentially touch on real litigation disputes. First, defendant has filed a Motion for Discovery and *Brady* request. The Government certified that it has provided to defendant copies of the full discovery as well as complied with its obligations under *Brady* and the applicable criminal rules.[4] Doc. 94 at 2-4. Accordingly, defendant's motion is **DISMISSED AS MOOT**.

---

[4] Defendant requested at his hearing that he receive copies of all of the personnel files of prosecution witnesses. As was explained to defendant, *Brady v. Maryland*, 373 U.S. 83 (1963) and due process "mandates the disclosure of favorable evidence, *material* for exculpatory or impeachment purposes, to an accused upon request." *United States v. Pitt*, 717 F.2d 1331, 1339 (11th Cir. 1983) (citations omitted). Likewise, in order to receive information contained in personnel files, defendant is obligated to make a showing of materiality. *United States v. Quinn*, 123 F.3d 1415, 1421-22 (11th Cir. 1997). The Eleventh Circuit made clear then that the Government is obliged to turn over all *Brady* material, however, the Court declined to instruct the Government "on the manner in which to discharge its obligations." *Id.* at 1421-22. So too here. The Government has an affirmative obligation to turn over relevant *Brady* material and

Defendant has also filed a Motion to Strike/Dismiss the Complaint. Defendant's motion can be broken down into two general complaints. First, defendant (again) generally contests the jurisdiction of the Court over him, and alleges that there has been no offense committed which is "injurious not only to the victim but to the public at large." Doc. 83 at 3. Among other complaints, defendant alleges that the Government has to prove the "corpus delecti [sic]"[5] beyond a reasonable doubt. *Id*. at 4. Although unclear, the thrust of defendant's argument appears to be that the indictment lacks clarity and is inadequately pled to support a claim against him. Generally, "[t]here is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. . . The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the

---

has assured the Court that those obligations have been complied with. However, the Court will not instruct the Government on the method of complying with that obligation.

[5] *Corpus delicti*, Latin for "body of the crime," means "[l]oosely, the material substance on which a crime has been committed; the physical evidence of a crime, such as the corpse of a murdered person. Despite the common misunderstanding, a victim's body could be evidence of a homicide, but the prosecutor does not have to locate or present the body to meet the *corpus delicti* requirement." *Corpus delicti*, BLACK'S LAW DICTIONARY (8th ed. 2004). Of note, however, the applicability of *corpus delicti* "has been very largely limited to the homicide cases. It concerns the usability in a criminal case of a confession made by the defendant outside of court." Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* 140 (3d ed. 1982).

language of the statute." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). The Eleventh Circuit has made clear that "an indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense. An indictment satisfied these requirements as long as the language therein sets forth the essential elements of the crime." *United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985). In this case, the indictment not only tracks the statute, it was recently superseded to comply with the Supreme Court's decision in *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019). Doc. 74. This is sufficient for this point in the proceedings. Despite defendant's assertions that there is "no evidence" of any crime committed by him; doc. 83 at 5, 6, 7; the Court is not entitled to—nor should it—look beyond the indictment to the sufficiency of the evidence at this time. The sufficiency of the evidence is a matter reserved for the fact-finder at trial. Defendant is, of course, entitled to raise all challenges to the sufficiency of the evidence at that time.

    Second, defendant makes a passing reference to the fact that he has not been afforded a speedy trial under "the 70 day rule." Prior to

12

defendant proceeding *pro se* in this case, his counsel raised and then discarded the argument that defendant's case should be dismissed for violation of the Speedy Trial Act. Doc. 70. At this second opportunity, Defendant has merely re-raised the argument in a *pro forma* manner and provided no support for his assertion. *See* 18 U.S.C. § 3162(a)(2) ("The defendant shall have the burden of proof of supporting such motion, but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3)."). He has neither identified how 70 days have run under 18 U.S.C. § 3161, or indeed provided any argument for his assertion that there has been a Speedy Trial Act violation in contravention of the assertions made by both his prior counsel and the Government in Court.[6] Accordingly, defendant's Motion to Dismiss—such that the Court can discern—should be **DENIED**.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Discovery is **DISMISSED AS MOOT**, doc. 82, Defendant's Motion in Limine and

---

[6] The Court previously explained the contours of excludable time under 18 U.S.C. § 3161 in its prior Report and Recommendation. Doc. 70 at 9-10.

Order to Rescind 8th Amendment Violations (to the extent this constitutes a motion), docs. 84 & 85, are **DENIED AS FRIVOLOUS**. For the same reasons the Court denies defendant's above listed motions, defendant's Motion to Dismiss Indictment, doc. 83, should be **DENIED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this <u>14th</u> day of February, 2020.

/s/ Christopher L. Ray

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA