# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-089 |
| | ) | |
| MICHAEL WILLIAMS, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant has filed another Motion to Dismiss. Doc. 99. Because defendant raises no new arguments which were not previously considered in the Report and Recommendation (R&R) issued on February 14, 2019, the motion should be **DENIED**.[1]

## BACKGROUND

Defendant was indicted with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) on May 8, 2019. Doc. 1. Stephen Harris was appointed to represent him on May 13, 2019.

---

[1] On February 24, Defendant mailed a Witness List, Doc. 101, which is titled "List of Witnesses Subpoenaed by Alleged Defendant." Doc. 101. Defendant had until February 21 to file any motions with the Court. To the extent this new document is intended in any way to be a motion for the issuance of a subpoena, it is **DENIED AS UNTIMELY**. Even if it were timely, while a defendant may request the issuance of a subpoena if unable to pay, the request must show "the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17. Defendant merely lists individuals, he does not provide any indication that these individuals are required for the presentation of an adequate defense.

Doc. 6. At the May 30, 2019 arraignment, defendant refused to plead and the undersigned entered a not-guilty plea pursuant to Fed. R. Crim P. 11(a)(4). Doc. 10. During that arraignment, defendant began to espouse some of the misapprehensions which are the hallmarks of a "sovereign citizen." For example, he challenged the jurisdiction of the Court and made references to both civil common law and admiralty law. Despite defendant's recalcitrance to plead or to acknowledge the jurisdiction of the Court, the Court granted defendant thirty days to file pretrial motions. Doc. 14.

Also at that hearing, defendant indicated a desire to proceed *pro se* and a hearing was scheduled for June 6, 2019. Doc. 13. However, before that hearing could occur, on June 2, 2019, defendant's counsel filed a motion requesting a psychiatric examination. Doc. 16. That motion was granted on June 4, 2019, and defendant was ordered examined and observed pending a report on his competency. Doc. 19. As a result, any inquiry into his desire to proceed *pro se* was deferred.

The Court received the psychiatric report on August 8, 2019, doc. 21, and held a hearing on September 11, 2019, doc. 23. At that hearing the Court inquired of defendant whether he wanted to proceed without

counsel, and defendant declined to invoke that right. On October 7, 2019, the undersigned entered a Report and Recommendation finding defendant competent to stand trial. Doc. 27. After no objections were filed, that Report and Recommendation was adopted by the assigned district judge on December 5, 2019.

The case was set for jury selection and trial on January 14, 2020. Doc. 31. On January 3, 2020, defendant's counsel filed a series of motions, docs. 38, 39, 40, 41, which were ultimately withdrawn or otherwise disposed of on January 7, 2020. After a Motion to Continue, doc. 55, was filed on January 10, 2020, the Court continued the trial to February 18, 2020. On January 15, 2020, the defendant filed two motions, as well as a motion for bond. The Court set a hearing on those motions for January 30, 2020. Doc. 60. On the morning of the hearing, the undersigned became aware of a handwritten letter which the defendant had submitted to the court, doc. 66, in which the he suggested that he might wish to proceed *pro se* in this matter. At the hearing—after exhaustive questioning—defendant refused to unambiguously invoke his right to proceed without counsel and the Court proceeded to hear argument from his appointed

counsel as to the three outstanding motions. Doc. 67.[2] The Court determined that defendant was not eligible for bond and entered a separate order disposing of that motion. Doc. 69.

Despite the exhaustive nature of this rigamarole, defendant again filed a letter requesting to move without assigned counsel. Doc. 71. The

---

[2] As the Court has expressed before, even if defendant had been more definitive in his desire to proceed *pro se*, it is not clear that permission would have been forthcoming. One of the reasons defendant initially expressed interest in proceeding *pro se* was because he wanted an attorney who would simply file the motions he requested. Defendant is reminded (again) that an attorney

> does not [and did not in this case] serve as a mere mouthpiece or alter ego for his client, obligated to urge any motion or argument that his client wishes him to file. *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1337 (11th Cir. 2002) ("An attorney should not be an unreflecting conduit through which the opinions and desires of a client or witness are permitted to flow unchecked."). Rather, an attorney has a duty to exercise his independent professional judgment and to file only those motions or raise only those claims that have potential merit. *Id.*; *Welch v. Artus*, 2007 WL 949652, at * 17 (W.D.N.Y. March 29, 2007). Further, an attorney must adhere to the ethical standards of the profession, which preclude an attorney from making "a false statement of material fact or law" to a Court or other tribunal, Rule 3.3, Georgia Rules of Professional Conduct, or from advancing an unwarranted claim or defense. Georgia Rule 3.1. Thus, if a client insists that an attorney file a motion or take a position that the attorney does not personally believe to have any factual or legal merit, "the attorney must stand his . . . ground and refuse to act in a manner that flies in the face of the relevant ethical rules." *Thomas*, 293 F.3d at 1327-28. "Given this duty, it follows that an attorney cannot 'file first and think later,' . . . thereby neglecting to employ his or her independent professional judgment to consider the plausibility and the appropriateness of what is asserted in the filed document." *Thomas*, 293 F.3d 1327 (citation omitted).

*United States v. Scott*, 2007 WL 1101241 at * 1 (S.D. Ga. April 11, 2007).

Court scheduled a hearing on that request. Doc. 72.[3] Before that hearing could occur, a superseding indictment was returned against defendant. Doc. 74. The arraignment was scheduled for the same date as the previously arranged hearing to discuss defendant's renewed desire to proceed *pro se*.

At this second hearing in as many weeks, the Court again inquired as to defendant's desire to proceed *pro se*. Finally, after exhaustive questioning—made no easier by defendant's desire to talk over the Court and complain repeatedly about all aspects of the prosecution—the Court determined that defendant had made the requisite unambiguous request and had made the required showing under *Faretta v. California*, 422 U.S. 806 (1975) to proceed *pro se*. Thus, the Court relieved defendant's assigned counsel, appointed him as stand-by counsel, and allowed defendant to proceed on his own behalf. Doc. 80. At a pretrial conference scheduled for February 14, 2020, the Court granted defendant a brief continuance to allow defendant to prepare in light of his *pro se* status. Defendant then filed a series of motions (doc. 82, doc. 84, doc. 85, doc. 83)

---

[3] Defendant filed a letter containing similar complaints and demands the day before his hearing. Doc. 78.

which the undersigned either denied outright or recommended denial. Rather than filing an objection to the R&R, defendant filed a renewed Motion to Dismiss. Doc. 99. This motion raises no new arguments not previously raised in his prior motions and discarded by this Court as either frivolous or without merit. Accordingly, the motion should be **DENIED.**

## ANALYSIS

As an initial matter, defendant had until Friday, February 21, 2020 to file any further motions with the Court. Defendant's most recent Motion to Dismiss was postmarked on February 24, 2020 and is therefore untimely.[4] Moreover, it is unsigned. This Court's local rules, state that every pleading, motion, or other paper shall be signed and, as a *pro se* party, defendant is subject to this requirement. S.D. Ga. L. R. 11.1. His failure to timely submit his motion and his failure to sign his motion are both independent reasons to deny his motion.

Defendant's renewed motion to dismiss again argues that the Court lacks jurisdiction over him, that the case is not adversarial because the "plaintiff" is a fiction, that the Court intends to paint him as a sovereign

---

[4] The Court notes that the motion includes an unsigned line which states "[t]his is certify that a true and correct copy of the foregoing has been mailed 20[st] day of Feb, 2020." However, since this assertion is unsigned, the Court is unable to verify the accuracy of this statement and so relies on the postmark date.

6

citizen, that the Court "dances around" certain supreme court rulings, that the Court discards plaintiff's arguments as frivolous in an attempt to avoid statutes, rules, and regulations, that there has been a violation of the Speedy Trial Act, and that the Court erroneously allowed the Government to "fix" the indictment.

As to defendant's rehashed argument about the jurisdiction of the Court and the case's lack of adversity, Defendant is again reminded that, "[t]here is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. . . . . The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). The Eleventh Circuit has made clear that "an indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense. An indictment satisfies these requirements as long as the language therein sets forth the essential elements of the crime." *United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985). In this case, the indictment not only tracks the statute, it was superseded to comply with the Supreme Court's

decision in *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019). Doc. 74. This is sufficient for this point in the proceedings. Despite defendant's assertions that there is "no evidence" of any crime committed by him; doc. 83 at 5, 6, 7; the Court is not entitled to—nor should it—look beyond the indictment to the sufficiency of the evidence at this time. The sufficiency of the evidence is a matter reserved for the fact-finder at trial. Defendant is, of course, entitled to raise all challenges to the sufficiency of the evidence at that time.

Second, defendant argues that the Court is "painting" him as a sovereign citizen because he is choosing to invoke his rights. The Court does not "paint" defendant as anything. Rather, the Court has merely indicated to defendant that his filings, to the extent they are comprehensible, bear all of the hallmarks of the "sovereign citizen" theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011)

(recommending that sovereign citizen theories "be rejected summarily, however they are presented") ); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (rejecting such theories as "wholly unsubstantial and frivolous"); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of ... the court's time, which is being paid for by hard-earned tax dollars") (citation omitted); *United States v. Alexio*, 2015 WL 4069160 at *3 (D. Hawaii 2015). This Court, and many others, have repeatedly rejected the similar assertions as those brought forward by defendant in his multiple filings. This is no reason to dismiss a criminal indictment.

Third, defendant again argues that he has not been afforded a speedy trial under "the 70 day rule." Prior to defendant proceeding *pro se* in this case, his counsel raised and then discarded the argument that defendant's case should be dismissed for violation of the Speedy Trial Act. Doc. 99. Defendant now argues that there was no order tolling the clock between September 11, 2019 and January 10, 2020, and that other than a scheduling order entered in May of 2019, his clock has not been tolled. *See*

18 U.S.C. § 3162(a)(2) ("The defendant shall have the burden of proof of supporting such motion, but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3).").[5]

Again, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "The following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence: Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion [.]" 18 U.S.C. § 3161(h)(1)(D). Also excludable is a "delay reasonably

---

[5] The Court previously explained the contours of excludable time under 18 U.S.C. § 3161 in its prior Report and Recommendation. Doc. 70 at 9-10.

attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."[6] 18 U.S.C. § 3161(h)(1)(H). Moreover, a "delay resulting from any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant," is also excluded. 18 U.S.C. § 3161(h)(1)(A). Finally,

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. §3161(h)(7)(A).

---

[6] The phrase "under advisement" means the time after the Court "receives all the papers it expects from the parties." *See e.g., United States v. Darby*, 744 F.2d 1508, 1517 (11th Cir. 1984). *See also Henderson v. United States*, 476 U.S. 321, 331 (1986) ("It would not have been sensible for Congress to exclude automatically all the time prior to the hearing on a motion and 30 days after the motion is taken under advisement, but not the time during which the court remains unable to rule because it is awaiting the submission by counsel of additional materials," and finding that subsection (F) "excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion.")

To state it as plainly as possible, there has been no violation here. Williams was indicted on May 8, 2019 and an initial appearance was held on May 30, 2019. The "clock" thus began to run on May 30, 2019. 18 U.S.C. § 3161(c)(1) (clock begins to run on later of filing of the indictment or the date defendant appears before a judicial officer). On that same day, the Court entered a scheduling order granting defendant 30 extra days to file pretrial motions and determining that the extension was warranted in the interests of justice. Doc. 14. Thus, had this case proceeded normally, no time would have run between May 30 and June 29. However, defendant's counsel filed a motion for a psychiatric exam, on June 2, doc. 16, which was referred to the undersigned and granted on June 4. Doc. 19. Defendant's examination was completed, the psychiatric report was returned, doc. 21, and the Court scheduled (and ultimately held) a competency hearing for September 11, doc. 21. The Court entered a Report and Recommendation finding defendant competent to stand trial on October 7. Doc. 27. The parties had until October 21, 2019 to object, and the Report and Recommendation was adopted on December 5, 2019, doc. 30. Because defendant's competency was at issue during the entirety of this period from June 2 to December 5, all of the time is excludable. *See*

18 U.S.C. § 3161(h)(1)(A) (a "delay resulting from any proceeding, including examinations, to determine the mental competency or physical capacity of the defendant," is also excluded.); *see also United States v. Pendleton*, 665 F. App'x 836 (11th Cir. 2016) (finding all time excludable during which competency is at issue).[7]

The clock ran from December 6, to December 20, when defendant filed a Motion for Appearance Bond adding a total of **fourteen days**. Doc. 33. The clock was tolled until December 30 when the Court dismissed the motion. The clock ran from December 31, 2019 to January 3, 2020, when a series of motions were filed by defendant adding a total of **three days**. Docs. 38, 39, 40, 41. Several of these motions were disposed of on January 7, 2020 or held in abeyance pending a pre-trial conference (requested in motion by defendant). That pre-trial conference was held on January 10

---

[7] Even assuming, that the "proceedings" concluded with the competency hearing, only 15 days elapsed from the clock. The Court had thirty days from the hearing to issue the Report and Recommendation, 18 U.S.C. § 3161(h)(1)(H), and the Report and Recommendation was issued 26 days after the hearing. The parties then had fourteen days to object, so the District Judge was unable to take the R&R under advisement until that period had run. The District Judge would have then had thirty days to consider any objections, so an order adopting would have been within the Speedy Trial Act's requirements if adopted on November 20, 2019. While, the R&R was not adopted until December 5, 2019, this at the most reduced defendant's clock by 15 days. Since the Court concludes that only seventeen days have run, if the bar applicable to proceedings to determine competency concluded after the hearing, and the most 32 days have elapsed from the clock.

at which time the parties requested that the Court continue a previously scheduled trial date to allow the parties time to prepare. Doc. 55. The Court granted that motion in the interests of justice, and excluded all time between the entry of the order and the new trial date (February 18, 2020). Doc. 56. Because a motion was either pending during this time, or because a hearing was scheduled, no further time ran from the clock. Although a great deal occurred in the time period between the entry of this order and the set trial date, none of it matters because the Court had properly granted the continuance in the interests of justice. Before that continuance could conclude, and the clock begin to run again, defendant—now *pro se*—made an oral request to continue the trial. *See* docket entry dated February 14, 2020. That motion was granted by the District Judge, again in the interests of justice and the case was continued until March 5, 2020. Doc. 95. Suffice it to say, that no time ran from defendant's clock from January 3 onward. Thus, only 17 days are excludable from defendant's clock and there has been no Speedy Trial Act violation.

Finally, defendant seems to take issue with the fact that the Government returned a superseding indictment against him. He appears to argue that there was some kind of violation because the indictment was

14

not returned in "open court." Rule 6 of the Federal Rules of Criminal Procedure requires that an indictment be returned in open court, however, defendant has not provided any indication that the superseding indictment was not returned in open court as required. Even if the indictment were not returned in open court, the error is at worst harmless and does not warrant relief. *See e.g. Sicard v. United States*, 2007 WL 9776406, at *9 (S.D. Fla. 2007) ("Any alleged error in the grand jury indictment procedure is subject to the harmless error analysis unless 'the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair.' ") (*citing United States v. Lennick*, 18 F.3d 814, 817 (4th Cir. 1994)). Accordingly, defendant's Motion to Dismiss, should be **DENIED**.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss, doc. 99, should be **DENIED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. This case is currently scheduled to go to trial on March 5, 2020. Accordingly, any objections to this R&R must be filed no later than 5 pm on March 4, 2020.

Defendant's standby counsel is **DIRECTED** to provide forthwith a copy of this R&R to defendant and to make himself available to defendant on March 4, 2020 to file any objections. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 2nd day of March, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA