# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR419-089 |
| | ) | |
| MICHAEL LEVANT WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is defendant's Motion *in Limine*. Doc. 114. For the following reasons the motion is **DENIED**.

The Court has explained the circumstances of defendant's status on multiple occasions and sees no reason to rehash it now. Suffice it to say that defendant is proceeding *pro se* in the criminal prosecution against him. On February 24, 2020, he sent what was titled a Motion *in Limine* to the Court.[1] In the motion, he requests that the Court exclude "any and all evidence which would constitute improper evidence regarding the

---

[1] The Court notes that the postmark date of this Motion *in Limine* is February 28, 2020. Doc. 114 at 6. Unlike defendant's previously filed motions, this one was signed, so generally under the 'prison mailbox rule' the court would treat the request as delivered on the day he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Regardless, it is still late.

character of the alleged defendant, or which would be inadmissible hearsay." Doc. 114 at 1. Specifically, he requests that the Court exclude any reference to DNA as mere opinion, speculation, prejudicial, not properly authenticated, improper character evidence, or hearsay. Notably, defendant does not tell the Court what DNA evidence he would like to have excluded from trial, and other than asserting that it would be of low or no probative value, but would instead be highly prejudicial, he provides no factual support for his argument.

The Government's response, doc. 119, makes clear that defendant is seeking to suppress the testimony of a Ms. De La Torre who is a DNA expert Forensic Serologist, *id.* at 4. According to the Government, she intends to testify regarding her analysis of the DNA recovered from the pistol and magazine found in defendant's car. *Id.* The Government asserts that her testimony as an expert is required because DNA evidence is generally beyond the understanding of the average lay person, and that her testimony is relevant because it would tend to make the existence of a fact more probable than it would be without the evidence.

As an initial matter, the district judge gave defendant until February 21 to file any motions with the Court. This most recent motion is untimely

and should be denied on that basis alone. However, generally, "[t]he Court will grant a motion in limine to exclude evidence only if the evidence in question is clearly inadmissible. The moving party has the burden of proving that the evidence sought to be excluded is inadmissible." *Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350, 1359 (N.D. Ga. 2009) (internal citations omitted). Moreover, "[u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb 4, 2009) (internal citations omitted). Considering the general objections raised by defendant, along with the Government's specific proffer of both Ms. De La Torre's testimony and need, the Court sees no reason to grant defendant's motion at this time. Accordingly, the motion is **DENIED**. Of course, if the proper context appears at trial, defendant may re-raise his challenge to the evidence proffered.

Finally, defendant has refiled a Witness List, doc. 113, to the extent he intended this list to be a request for subpoenas, it is likewise **DENIED**. The Sixth Amendment guarantees a criminal defendant access to

"compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. Fed. R. Crim. P. 17 is one of the implementations of that guarantee. *See, e.g., United States v. Beckford*, 964 F. Supp. 1010, 1019 (E.D. Va. 1997) (cites omitted). The Rule provides criminal defendants a means to secure subpoenas for testimony (*i.e.*, subpoenas *ad testificandum*), and subpoenas for the production of documents or other objects (*i.e.,* subpoenas *duces tecum*). See Fed. R. Crim. P. 17(a) (subpoenas for testimony), (c) (subpoenas for "books, papers, documents or objects"). It also implements Supreme Court jurisprudence, rooted in the Fifth Amendment, providing a means for indigent defendants to avail themselves of Rule 17's subpoena power. *See Beckford*, 964 F. Supp. at 1019-20. As the Court previously explained to defendant, the issuance of a subpoena for a named witness may be granted if a defendant who cannot pay "shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Rule 17(b). As defendant is *pro se* and was previously represented by Court appointed counsel the Court concludes that he is unable to pay. What he has not done, however, is provide any justification for why he seeks the individuals he wishes to subpoena. The Eleventh Circuit has stated that

As a threshold matter, a defendant making a Rule 17(b) request bears the burden of articulating specific facts that show the relevancy and necessity of the requested witness's testimony. In exercising its discretion, the court may consider other factors pertaining to the prospective witnesses' testimony as well, including materiality, competency and the timeliness of the request. The appellate courts have upheld the refusal of district courts to issue a Rule 17(b) subpoena where the request was untimely, the testimony sought was cumulative, or the defendant failed to make a satisfactory showing of indigency or necessity.

*United States v. Link*, 921 F.2d 1523, 1528 (11th Cir. 1991), *quoting United States v. Rinchack*, 820 F.2d 1557 (11th Cir. 1987) (internal citations omitted). Again, defendant merely lists individuals, he provides no substantive argument as to why those individuals are necessary for his defense. As a result, any request for subpoenas is **DENIED**.

**SO ORDERED,** this 3rd day of March, 2020.

*[signature]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA