# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

```
UNITED STATES OF AMERICA

    v.                                          4:19-CR-89

MICHAEL WILLIAMS
```

### ORDER

Before the Court is Defendant Michael Williams' notice of appeal and motion for new counsel, directed verdict of acquittal, or, in the alternative, a new trial. Dkt. No. 146. It is ripe for review. Of note, this Order only addresses the latter two of these requests. For the reasons provided below, Defendant's motion for a judgment of acquittal, or in the alternative, a new trial is **DENIED**.

I. **Defendant's Conviction**

After a jury trial, Defendant was found guilty on the only count charged in the Superseding Indictment: Possession of a Firearm by a Prohibited Person, 18 U.S.C. § 922(g)(1). Dkt. No. 136.

II. **Legal Standards**

A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v.

Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994); see also United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999) ("In considering a motion for the entry of judgment of acquittal under [Rule 29(c)], a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction.").

Under Federal Rule of Criminal Procedure 33(a), "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Whether to grant a new trial is left to the sound discretion of the trial court. United States v. Champion, 813 F.2d 1154, 1170 (11th Cir. 1987). However, a new trial is only appropriate where the evidence weighs so heavily against the verdict that "it would be a miscarriage of justice to let the verdict stand." Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004) (citations omitted). Motions requesting a new trial are thus viewed with "great caution"; they are not a vehicle by which a court may "reweigh the evidence or set aside the verdict simply because it feels some other result would be more reasonable." United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988) (citations omitted); Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004).

### III. Discussion

First, Defendant argues that he is entitled to a directed verdict of acquittal because he presented sufficient evidence to warrant the Court instructing the jury on the "equal access rule."

2

Dkt. No. 146 ¶ 3. Defendant's argument is misplaced and is insufficient to warrant a judgment of acquittal. The "equal access rule" arises under Georgia law (among other state jurisdictions) in criminal cases regarding contraband possession, typically in drug-related cases. Under Georgia law there is a "rebuttable presumption that one who is in possession of an automobile is the owner of what is contained therein." Whipple v. State, 207 Ga. App. 131, 131 (1993). However, the rebuttable presumption does not apply where there is evidence that others have had equal access to the automobile immediately prior to the discovery of the contraband. Id. Notably, Georgia law permits a jury charge on the equal access rule "only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle." Wright v. State, 194 Ga. App. 739, 740 (1990).

Here, Defendant faced federal charges in federal court for violating federal law. Giving the jury an instruction on Georgia's "equal access" rule would have been unnecessary, confusing to the jury, and improperly conformed to the evidence. See United States v. Middleton, 2:05-cv-025, 2006 WL 156872, at *5 (S.D. Ga. January 18, 2006). The Court's instructions to the jury explained in detail the requirements of the federal statute and governing law applicable to this case. The Court instructed the jury that before it could convict Defendant it must find that Defendant *knowingly*

3

possessed the firearm. The Court then defined "knowingly" for the jury and explained that possession could be exclusive or joint, actual or constructive, and then defined each of those terms. An additional charge instructing the jury on a Georgia law of possession would have been unnecessary and confusing to the jury.

Moreover, at trial, the jury was presented with expert testimony and videotape evidence that the gun had Defendant's DNA on it and was found on the driver-side floorboard of his car during a routine traffic stop where Defendant was the owner, driver, and sole occupant of the vehicle. Accordingly, even under Georgia law, the evidence at trial did not warrant an "equal access" instruction because the sole evidence of possession was not Defendant's ownership of the vehicle. Therefore, Defendant's motion, insofar as it requests a judgment of acquittal, is **DENIED**.

Second, Defendant argues that he is entitled to a new trial because he was "not afforded proper time to prepare," dkt. no. 146 ¶ 1, which he alleges is a violation of his constitutional right to due process. U.S. Const. amend. V. Specifically, Defendant alleges that the "Chatham County Detention Center only allowed the Defendant 2 hours a week for access [to tablets] to prepare for trial." Dkt. No. 146 ¶ 1.

By way of background, on May 8, 2019, a grand jury indicted Defendant for violating 18 U.S.C. § 922(g)(1). Dkt. No. 1. On June 21, 2019, the United States Supreme Court decided Rehaif v. United

States, 139 S. Ct. 2191 (2019). There, the high court held that the Government must prove that defendants charged under section 922(g) knew of their prohibited status (in addition to the other elements of the crime). Id. at 2200. In the present case, the Government requested a continuance at a pretrial conference held on January 10, 2020 because its original indictment of Defendant did not include the knowledge element required by Rehaif. Neither Defendant nor his counsel opposed the continuance at that time and, in fact, the defense expressed a desire for the continuance so as to consider whether to file any additional pretrial motions. On January 13, 2020, this Court entered an order granting the Government's motion to continue and reset this case for trial on February 18, 2020. Dkt. No. 56.

The Government thereafter filed a superseding indictment, and Defendant expressed a desire to represent himself. Accordingly, the Magistrate Judge held a Faretta hearing on February 7, 2020 in which the Magistrate Judge granted Defendant's motion to proceed *pro se*. Dkt. No. 80; see generally Faretta v. California, 422 U.S. 806 (1975). During that hearing, the Magistrate Judge determined that Defendant voluntarily and intelligently elected to represent himself and assumed all the burdens such an undertaking would entail, particularly given his confinement in Chatham County Detention Center.

On February 14, 2020, this Court held another pretrial conference. At this hearing, Defendant made an oral motion for a continuance so that he could better prepare for trial. The Court was reluctant to grant another continuance, but ultimately granted Defendant's oral motion, continuing his trial until March 5, 2020. As the Court explained, "[t]he ends of justice served by the brief continuance will enable both sides to adequately prepare and outweigh the interest of the public and the defendant in a more speedy trial." Dkt. No. 95.

From February 7, 2020 to the date of trial—some two-and-a-half months from its originally scheduled start date and a month after Defendant elected to represent himself—Defendant filed three affidavits (dkt. nos. 98, 111, 112), eight pre-trial motions (dkt. nos. 82-84, 99, 110, 114, 124-25), proposed *voir dire* questions (dkt. no. 100), and a witness list (dkt. no. 113). At trial, Defendant called all relevant witnesses included on his witness list.

Defendant had more than ample time to prepare for trial. The number, length, and frequency of his pretrial filings reflect his ability to prepare for trial. He was given two trial extensions to further prepare. Although he now complains that conditions at the Chatham County Detention Center were not conducive for trial preparation, he knowingly opted to represent himself with the clear understanding it would be from within the Chatham facility.

Accordingly, the interests of justice do not require this Court to conduct a new trial in this matter. Therefore, Defendant's motion, in so far as it requests a new trial, is **DENIED**.

## CONCLUSION

Defendant received a fair trial and had plenty of time to prepare. The evidence supporting his conviction was overwhelming. Accordingly, Defendant's Motion, dkt. no. 146, is **DENIED** insofar as it requests a judgment of acquittal or, in the alternative, a new trial.

**SO ORDERED**, this 27th day of April, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA